**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SHARON HARLEY**, | * |
|     Plaintiff | * |
| v. | *   Case No.: **AW-06-1574** |
| **SECRETARY, U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT,** | * |
|     Defendant. | * |

**MEMORANDUM OPINION**

At 10:53 a.m. on June 20, 2006, Plaintiff Sharon Harley ("Harley") filed a Complaint together with a Motion for Temporary Restraining Order and Preliminary Injunction [Paper No. 2] seeking to delay an eviction proceeding scheduled for 1:30 p.m. on the same day in the District Court of Maryland for Prince George's County. Plaintiff's Complaint and Motion asked the Court to compel the Secretary of the United States Department of Housing and Urban Development to review and correct the actions taken and/or not taken by his agents and delegees with regard to Plaintiff's Mortgage, which was insured by the Secretary pursuant to the National Housing Act, 12 U.S.C. § 1701 *et seq*. The Motion for Temporary Restraining Order was presented to the undersigned as Chambers Judge in the absence of Judge Williams, to whom the case has been assigned.

The following relevant facts are derived from Harley's complaint. On October 29, 1997, Harley purchased a residence in Bowie, Maryland, and executed a mortgage in the amount of $137,781.00 in favor of Old Kent Mortgage Company ("Old Kent"). This mortgage was insured under Section 203(b) of the National Housing Act. Approximately one month after the origination of the mortgage, Old Kent sold the mortgage to Government National Mortgage Association ("GNMA"), and continued to function as servicer of the mortgage. Approximately three months

after origination of the mortgage, Harley suffered a series of personal injuries and financial hardships that caused her to fall into default on her payments. Old Kent allegedly made repeated promises to offer Harley a loss mitigation program pursuant to 12 U.S.C. § 1715u, but failed to do so. Old Kent foreclosed on the property on November 16, 1999. The Department of Housing and Urban Development ("HUD") subsequently repaid GNMA from the mortgage insurance fund established under the National Housing Act, and assumed title of the property. On January 6, 2006, HUD initiated eviction proceedings against Harley, and a merits trial on this action was scheduled for June 20, 2006, at 1:30 p.m.

The provisions of § 1715u(a) dealing with loss mitigation do not provide a private right of action for a mortgagee's non-compliance with its provisions. See In re Miller, 2005 WL 269728 (4th Cir. Feb. 3, 2005). The ability of a party to challenge HUD's compliance with the provisions of this statute is a separate matter, however. In 1989, the United States District Court for the Eastern District of Washington allowed a challenge, pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*, to HUD's compliance with § 1715u. See Cronkhite v. Kemp, 741 F. Supp. 822 (E.D. Wa. 1989). Subsequent to this decision, however, Congress amended the National Housing Act. See 110 Stat. 26 (1996). In its current form, Section 1715u contains a limitation in subsection (d) that precludes judicial review of any decision by the Secretary to exercise or forgo exercising any authority under that section. 12 U.S.C.§ 1715u(d). Considering this provision, the United States District Court for the Western District of New York has concluded that "the intent to preclude judicial review of HUD's decision on a mortgagee's provision of alternatives to foreclosure is explicit in § 1715u(d). ***Accordingly, plaintiff cannot assert a cause of action under either the National Housing Act or the APA, and the court lacks subject matter jurisdiction over the complaint***." Dean v. Department of Housing and Urban Development, 2000 U.S. Dist. LEXIS 6361,

at *10-11 (W.D.N.Y. Mar. 14, 2000)(emphasis added).  This Court finds the reasoning of the Dean court persuasive.

Reviewing these facts and relevant law, it is the conclusion of the undersigned that (1) any irreparable harm that Harley may suffer has already occurred, as the property at issue has already been foreclosed upon;(2) the Defendant will be unduly harmed in its efforts to exercise its rights as owner of the property at issue if a temporary restraining order or preliminary injunction is granted; (3) there is no substantial likelihood that Harley will succeed on the merits with respect to its claims in this Court, in light of § 1715u(d); and (4) the public interest will not be served by the entry of a temporary restraining order or preliminary injunction.  It is worth emphasizing that this Court has profound and serious reservations about whether it has jurisdiction over this matter, in light of the statutory limitation of judicial review contained in § 1715u.  This is not a case where "plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir.1991).  Therefore, a temporary restraining order is not warranted.

For the foregoing reasons, the Motion for Temporary Restraining Order and Preliminary Injunction, by separate Order, will be DENIED.

   6/21/06                                                           /s/               
    DATE                                                    ROGER W. TITUS
                                                            UNITED STATES DISTRICT JUDGE