# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON HARLEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-1574 |
| SECRETARY, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | *  * | |
| Defendant. | * | |

*****

## MEMORANDUM OPINION

On June 20, 2006, Plaintiff filed suit in this Court, seeking a Temporary Restraining Order and Preliminary Injunction to delay an eviction proceeding scheduled for 1:30 p.m. on the same day in the District Court of Maryland for Prince George's County. In Plaintiff's Complaint she specifies that she brings this action pursuant to 12 U.S.C. § 1715u and the regulations promulgated thereunder. On June 21, 2006, Judge Titus entered an order denying Plaintiff's motion and noting that § 1715u does not create a private right of action to enforce its provisions. *See In re Miller*, 2005 WL 269728 (4th Cir. Feb. 3, 2005); *see also Dean v. Department of Housing and Urban Development*, 2000 U.S. Dist. LEXIS 6361, at *10-11 (W.D.N.Y. Mar. 14, 2000) ("the intent to preclude judicial review of HUD's decision on a mortgagee's provision of alternatives to foreclosure is explicit in § 1715u(d). Accordingly, plaintiff cannot assert a cause of action under either the National Housing Act or the APA, and the court lacks subject matter jurisdiction over the complaint.")

As it has been found that Plaintiff cannot proceed under § 1715u, this Court finds that it lacks subject matter jurisdiction over this action. This Court has an obligation to raise the issue of subject

matter jurisdiction *sua sponte* if it appears at any time that further exercise of the Court's jurisdiction may be improper. *Soper v. Kahn*, 568 F. Supp. 398, 400 (D. Md. 1983). In this case, Plaintiff alleges an injury under a federal statute that does not permit a private right of action. In addition, Plaintiff has not established that this Court has diversity jurisdiction over this suit.

Furthermore, this Court notes that the denial of Plaintiff's request for a Temporary Restraining Order has very likely rendered this case moot. It is a fundamental precept of Article III of the constitution, that a federal court may not decide a case where a case or controversy no longer exists. *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies."). To dismiss a case due to constitutional mootness, a court must find that events have occurred that make it impossible to grant any effectual relief. *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992); *Mills v. Green,* 159 U.S. 651, 653 (1895). Thus, a case is rendered constitutionally moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277 (2000) (internal citation omitted). Here, because the eviction proceeding took place on June 20, 2006, this Court cannot grant any effectual relief, and this case has become constitutionally moot. Accordingly, this Court will dismiss this case. An Order consistent with this Opinion will follow.

Date:  July 6, 2006                                        /s/
                                                 Alexander Williams, Jr.
                                                 United States District Court